UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRETT A. BENNETT, individually and
as Personal Representative of the
Estate of Terri Rene Bennett,
Deceased; and as next friend of T.A.B.;
and E.E.B., minors

        Plaintiff,

v.                                               Case No:  2:06-cv-72-FtM-38DNF

FOREST LABORATORIES,

        Defendant.
_____/

### ORDER[1]

This matter comes before the Court on Plaintiff Brett A. Bennett's Motion to Quash and For Protection (Doc. #69) filed on December 16, 2014. Although given the opportunity, Defendant Forest Laboratories has not filed a response in opposition. This matter is now ripe for review.

Bennett moves to quash Forest Laboratories' Notice of Deposition and prohibit Forest Laboratories from taking a stand-by "trial preservation" deposition of its own Multi District Litigation general causation expert. The relevant notice is regarding one of Forest Laboratories' witnesses, Stephen M. Stahl. (Doc. #69-1). Stahl's deposition is scheduled

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

to occur on January 12, 2015, in Carlsbad, California. (Doc. #69-1). Stahl's deposition will be recorded, videotaped, and transcribed. (Doc. #69-1).

Bennett has two main concerns regarding the notice. The first concern is that Bennett styles Stahl's deposition as a "trial preservation" deposition. That is, Bennett asserts there is a possibility that Stahl may not testify in person at trial. Instead, Stahl's video deposition may be used at trial, if he is unavailable. Email communications between the parties indicate Stahl has been unavailable to testify at trials before in light of his busy schedule. (See Doc. #69-3, at 1). The Court, however, finds quashing the notice on this ground is inappropriate at this time. Whether Stahl will be available to testify at trial is unknown at this time. If Stahl is unavailable as defined by Rule 32(a)(4) of the Federal Rules of Civil Procedure, then all parties may use any form of his deposition at trial, assuming other evidentiary rules permit such form of testimony. See generally Vineyard v. County of Murray, Ga., 990 F.2d 1207, 1217 (11th Cir. 1993). Perhaps, this issue would be better resolved during the motion *in limine* stage of this litigation. The current motion *in limine* deadline is March 13, 2015. (Doc. #31, at 2).

Bennett's second concern is that Stahl's deposition is scheduled too close to trial. Bennett mistakably believes trial is set to commence on January 25, 2015. (Doc. #69, at ¶2). A review of the docket and the Court's Case Management and Scheduling Order, however, reveals trial is currently set to commence on May 4, 2015. (See Doc. #31). The Court finds quashing the notice on this ground is inappropriate. Hopefully, with the Court's clarification that this trial will commence no sooner than May 2015, Bennett will feel more at ease about the litigation schedule of this case including Stahl's deposition next week.

Accordingly, it is now

**ORDERED:**

Plaintiff Brett A. Bennett's Motion to Quash and For Protection (Doc. #69) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 6th day of January, 2015.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

3