UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRETT A. BENNETT, individually and as Personal Representative of the Estate of Terri Rene Bennett, Deceased; and as next friend of TAB, and EEB, minors

      Plaintiff,

v.                                                                          Case No:   2:06-cv-72-FtM-38DNF

FOREST LABORATORIES,

      Defendant.
_____/

## ORDER[1]

This matter comes before the Court on review of the docket. Plaintiff Brett A. Bennett initiated this action against Defendant Forest Laboratories in February 2006. (Doc. #1). Soon after the Complaint was filed this matter was transferred to the Multidistrict Litigation panel and then proceeded before the Multidistrict Litigation panel from April 2006 to September 2013. (Doc. #16; Doc. #17). When this matter was remanded to the district court, it was reassigned to the undersigned. (Doc. #18).

In the Complaint, Bennett asserts the Court has subject matter jurisdiction pursuant to diversity jurisdiction. (Doc. #1). Bennett specifically asserts he is a resident of Florida and Forest Laboratories is a company with its headquarters in New York. (Doc. #1, at 2). Moreover, the parties have recently engaged in motion practice. In a motion,

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

Forest Laboratories indicates it is now a limited liability company (hereinafter "LLC") but that it was formally recognized as a corporation. (Doc. #73, at 1). In light of this information, and out of an abundance of caution, the Court must ensure it continues to have subject matter jurisdiction.

After all, for the purposes of federal diversity jurisdiction, the citizenship of a corporation and a LLC are determined differently. A corporation is a citizen of any state by which it has been incorporated. Fritz v. American Home Shield Corp., 751 F.2d 1152, 1154 (11th Cir. 1985). Whereas, a LLC is a citizen of every state in which one of its members is located. Moreno v. Breitburn Florida, LLC, No. 2:09-cv-566-FtM-29DNF, 2011 WL 2293124 at *1 (M.D. Fla. June 9, 2011) (citing Rolling Greens MHP, L.P. v. Comcast SCH Holdings, LLC., 374 F.3d 1020 (11th Cir. 2004)). Moreover, the citizenship of an individual in determined by their domicile. See Jones v. Law Firm of Hill and Ponton, 141 F. Supp. 2d 1349, 1355 (M.D. Fla. 2001). Thus, in this case for diversity jurisdiction to exist each member of the LLC must be diverse from the plaintiff. Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005) ("Since Strawbridge v. Curtiss, 3 Cranch 267, 2 L.Ed. 435, this Court has read the statutory formulation 'between . . . citizens of different States,' 28 U.S.C. § 1332(a)(1), to require complete diversity between all plaintiffs and all defendants.").

At this stage, it is unclear whether the Court properly has subject matter jurisdiction to facilitate this case. Since the Court is required to ensure that it has subject matter jurisdiction, the Court will require Bennett to provide the citizenship of all parties. See Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1275 n. 22 (11th Cir. 2000) ("doubts regarding subject matter jurisdiction must be resolved before taking any steps to address

the merits of a case.") (citation omitted); Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001) ("because a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case.").

Accordingly, it is now

**ORDERED:**

Plaintiff Brett A. Bennett is directed to provide in writing the citizenship of all parties in this action on or before **February 25, 2015**.

**DONE** and **ORDERED** in Fort Myers, Florida this 11th day of February, 2015.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

3