UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRETT A. BENNETT, individually and
as Personal Representative of the
Estate of Terri Rene Bennett,
Deceased; and as next friend of TAB,
and EEB, minors

        Plaintiff,

v.                                    Case No: 2:06-cv-72-FtM-38DNF

FOREST LABORATORIES,

        Defendant.
_____/

## ORDER[1]

This matter comes before the Court on Plaintiff's Motion to Allow Telephonic Meeting of Counsel and for Postponement of Mediation (Doc. #102) filed on February 20, 2015. Pursuant to Local Rule 3.01(g), Defendant does not oppose the motion. This matter is now ripe for review.

Pursuant to the Court's scheduling order, the parties are required to meet in person to discuss and prepare a Joint Final Pretrial Statement by February 27, 2014. (See Doc. #31). The parties wish to discuss and prepare this statement telephonically due to the attorneys' respective locations, Houston, Texas and Cincinnati, Ohio, and the great distance between them. The parties assert appearing in person to discuss and prepare

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

the statement would not be practical or efficient. Moreover, the parties assert they have been able to successfully create joint pretrial orders and exchange exhibits and witness lists in at least three other MDL[2] remanded cases similar to this instant action. Upon consideration, the Court finds due to the attorneys unique history they may discuss and prepare their Joint Final Pretrial Statement telephonically.

In addition, the parties state they are not optimistic about their upcoming mediation in light of their previous mediation efforts in the MDL. The parties prefer to hold a mediation only after the Court resolves the pending dispositive motions. Thereafter, the parties propose that they can then advise the Court as to whether mediation is desired. The Court is willing to amend the mediation deadline, but as mentioned orally over a year ago the Court **is requiring** mediation in this case.

Accordingly, it is now **ORDERED:**

Plaintiff's Motion to Allow Telephonic Meeting of Counsel and for Postponement of Mediation (Doc. #102) is **GRANTED in part**. The parties may discuss and prepare the Joint Final Pretrial Statement telephonically. The mediation deadline is continued to **April 17, 2015**. Mediation remains required in this case and the deadline will not be continued again, despite any pending motion before the Court. The Clerk is directed to amend the schedule in the docket accordingly.

**DONE** and **ORDERED** in Fort Myers, Florida this 24th day of February, 2015.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

---

[2] The MDL refers to the Multi-District Litigation.